*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BLAKE PUTMAN, M.D.,

        Plaintiff-Appellant,

UNPUBLISHED
August 15, 2024

v

No. 365711
Tuscola Circuit Court
LC No. 2022-031670-NZ

HILLS AND DALES GENERAL HOSPITAL,

        Defendant-Appellee.

Before: O'BRIEN, P.J., and CAVANAGH and SHAPIRO*, JJ.

SHAPIRO, J. (*concurring in part and dissenting in part*).

I concur in the majority opinion except as to the tortious interference claim which I conclude should not have been dismissed.

First, I disagree with the majority's view that the patient-physician relationship does not have a contractual aspect. "A physician—patient relationship is contractual and requires the consent, express or implied, of both the doctor and the patient." *Oja v Kin*, 229 Mich App 184, 190 (1998). I recognize that delivery of medical care has become far more of a profit-centered "business" over the decades and that multi-physician practices have their own contractual relationship with patients. But I reject the claim that the only contractual relationship or business expectancy is between the patient and the corporate practice, a claim inconsistent with how Michigan has always viewed the doctor-patient relationship and the expectations of patients.

Second, I disagree with the majority on the question whether defendant intentionally interfered with the relationship between the plaintiff and his patients. Defendant's employees, on instruction from their managers, repeatedly and affirmatively lied to plaintiff's patients, telling them that they did not know how to reach plaintiff or even if he was still practicing. These acts of deception were clearly intended to interfere with plaintiff doctor's relationship with his patients and I find it shocking that a medical facility would take affirmative action to prevent a patient from seeing the physician of their choosing with whom they had an ongoing relationship.

---

*Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Accordingly, I would reverse the dismissal of plaintiff's tortious interference claim and remand for further proceedings.


/s/ Douglas B. Shapiro